UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. _____

ARTURO MORALES and all others
similarly situated under 29 U.S.C. § 216(b),

     Plaintiff(s),

vs.

SUNRISE MEATS, INC., a Florida Profit
Corporation; and LEONEL ALFONSO,
individually,

     Defendants.
_____/

## COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C. § 216(B))

Plaintiff, Arturo Morales ("Named Plaintiff" or "Plaintiff"), on behalf of himself and all others similarly situated under 29 U.S.C. § 216(b), hereby files this Complaint against Defendants, Sunrise Meats, Inc. ("Sunrise Meats"), and Leonel Alfonso ("Alfonso") (collectively referred to as "Defendants"), and alleges:

## JURISDICTION AND VENUE

1. Named Plaintiff has initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). Named Plaintiff asserts that Defendants failed to pay Named Plaintiff and those similarly situated proper overtime compensation in violation of the FLSA.

2. Plaintiff further asserts that he was terminated in violation of Florida's private sector Whistleblower Act, Fla. Stat. § 448.101 *et seq.* ("FWA").

3. Jurisdiction is conferred upon this Court by:

  a) 28 U.S.C. § 1331;

  b) 28 U.S.C. § 1367; and

  c) 29 U.S.C. § 216(b), which allows for a claim regarding violations of the FLSA to be brought in any court of competent jurisdiction.

 4. This Court has original jurisdiction over claims arising under the FLSA and supplemental jurisdiction over Named Plaintiff's claim under the FWA as the claim under the FWA derives from a common nucleus of operative facts as those under the FLSA.

 5. Venue is proper in the Southern District of Florida because:

  a) Named Plaintiff and those similarly situated are/were employed in the Southern District of Florida by Defendants, who at all relevant times conducted, and continue to conduct, business in Broward County; and

  b) The acts that give rise to the claims by Named Plaintiff and those similarly situated occurred in the Southern District of Florida and because Defendants keep/kept an office for the transaction of their customary business in this district.

## PARTIES

 6. Named Plaintiff resides within the Southern District of Florida.

 7. Sunrise Meats is a business entity which, at all relevant times, conducts/conducted substantial and continuous business in this judicial district, and is subject to the laws of the State of Florida and the United States.

 8. Alfonso is, and was, an owner and operator of Sunrise Meats, and conducted business in Broward County, Florida during the relevant period.

 9. Sunrise Meats operates as a convenience store and butcher shop.

 10. At all relevant times, Defendants acted through their officers, agents, servants, and

employees, each of whom acted within the scope of their employment with Defendants.

11. Named Plaintiff began working for Defendants in June of 2007 and remained employed until his unlawful termination on April 6, 2020.

12. Plaintiff performed primarily non-exempt work for Defendants as a butcher including, taking and preparing customers' orders for meat, poultry, and seafood, restocking the open freezers for meat, seafood, and frozen vegetables throughout the store, and also helped to unload delivery trucks to restock the walk-in cooler at Defendants' grocery store and butcher shop located at 1601 W. Sunrise Blvd., Fort Lauderdale, FL 33311.

13. Defendants were Named Plaintiff's employer, joint employer, or co-employer during the relevant period for purposes of the FLSA as the term is defined by 29 U.S.C. § 203.

14. During the relevant period, Sunrise Meats is/was an enterprise engaged in commerce as defined in 29 U.S.C. §§ 203(r) and 203(s).

15. Named Plaintiff and those similarly situated are/were employed by Defendants performing similar functions at all relevant times.

16. Named Plaintiff is an "employee" pursuant to 29 U.S.C. § 203(e)(1) of the FLSA, and is an employee of Defendants.

17. In addition to Named Plaintiff, there are other individuals who are either currently employed by Defendants or were formerly employed by Defendants and who are/were subject to Defendants' unlawful pay practices and policies.

18. During the relevant period, Sunrise Meats engaged in interstate commerce and has/had annual gross revenue in excess of $500,000.

19. During the relevant period, Defendants employed two or more employees that customarily and regularly sold and/or marketed and/or distributed its services and/or goods and/or

services to customers throughout the United States and also provided its services for goods sold and transported across state lines of numerous other states.

20. During the relevant period, Defendants obtain/obtained and solicit/solicited funds from non-Florida sources, accept/accepted funds from non-Florida sources, use/used telephonic transmissions going over state lines to do business, transmit/transmitted funds outside the State of Florida, and otherwise regularly engage/engaged in interstate commerce.

21. During the relevant period, Defendants use/used goods that move/moved in interstate commerce, such as materials and food sold to Defendants' customers at Defendants' grocery store and butcher shop.

22. During the relevant period, Defendants accept/accepted checks, wire transfers, and other forms of payments that are/were made or processed outside the State of Florida.

23. During the relevant period, Defendants failed to comply with the FLSA in that Named Plaintiff and those similarly situated perform/performed services for Defendants and are/were not paid overtime wages at the rate of time and one-half for all hours worked in excess of 40 hours in each workweek.

24. Also, during the relevant period, Sunrise Meats was an "employer" as that term is defined under the FWA.

25. During the relevant period, Named Plaintiff was an "employee" as that term is defined under the FWA, as he performed services for, and was under the control and direction of, Defendants, and was provided wages and other remuneration by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

26. In addition to bringing this action individually, Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of

employees who perform(ed) similar functions for Defendants, are/were subject(ed) to Defendants' unlawful pay practices and policies, and who work(ed) for Defendants at any point in the three years preceding the date the instant action was filed (the members of this putative class are referred to as "Collective Plaintiffs").

27. Named Plaintiff and Collective Plaintiffs worked for Defendants in the Southern District of Florida at some point in the three years preceding the date the instant action was filed.

28. Named Plaintiff and Collective Plaintiffs are similarly situated, have substantially similar job duties, have substantially similar pay provisions, and are all subject to Defendants' unlawful policies and practices as discussed herein.

29. There are numerous similarly situated current and former employees of Defendants who worked overtime hours during the relevant period without receiving overtime compensation, and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

30. Similarly situated current and former employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

31. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of himself and those similarly situated employees, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## STATEMENT OF FACTS

32. Named Plaintiff began working for Defendants at their grocery store and butcher shop in June of 2007 and remained employed until Defendants terminated his employment on April 6, 2020.

33. Named Plaintiff and Collective Plaintiffs are current and/or former employees of

Defendants who, within the three-year statute of limitations, have been or are presently employed by Defendants and perform(ed) similarly functions.

34. Named Plaintiff and Collective Plaintiffs regularly work/worked in excess of 40 hours per workweek.

35. Although Named Plaintiff's hours varied, he generally worked 60 to 67 hours per workweek.

36. Upon information and belief, Collective Plaintiffs also work/worked approximately the same number of hours per workweek.

37. Throughout Named Plaintiff's employment, Defendants had knowledge of Named Plaintiff's overtime hours, but purposefully failed to provide him complete and adequate overtime pay in violation of the FLSA.

38. Upon information and belief, Defendants' pattern and practice of depriving overtime compensation extended to other individuals at Sunrise Meats, including other similarly situated employees who work/worked overtime hours without being appropriately compensated.

39. Defendants are/were required to keep accurate time records for all hours worked by Named Plaintiff and Collective Plaintiffs.  Upon information and belief, Defendants fail/failed to keep the required records.

40. Defendants failed to pay Plaintiff and Collective Plaintiffs based on the actual number of hours worked and at the proper rate.

41. Defendants' FLSA violations are/were willful and intentional.

42. Named Plaintiff, on behalf of himself and all other similarly-situated employees, consents to the filing of this action and has retained the undersigned legal counsel to prosecute this action on his behalf and has agreed to pay a reasonable fee for legal services.

43. On or about April 6, 2020, Plaintiff complained about and/or objected to an actual violation of law, or what he reasonably believed to be a violation of law, and was terminated as a direct result of same, which constitutes a violation of the FWA.

44. Specifically, Plaintiff complained about and/or objected to Defendants' failure to comply with safety guidelines in light of the COVID-19 pandemic by allowing an excessive number of customers in the store.

45. The Occupational Safety and Health Administration's ("OSHA") General Duty Clause requires an employer to provide its employees with a safe workplace free of recognizable hazards. This includes providing employees with a safe work environment by complying with the Centers for Disease Control and Prevention ("CDC") guidelines, which include social distancing. *See* 29 U.S.C. § 654(5)(a)(1).

46. Plaintiff's complaints about and/or objections to the unsafe work practices in violation of OSHA regulations constitute protected activity pursuant to Fla. Stat. § 448.102(3).

47. As soon as Plaintiff complained about Sunrise Meats' failure to provide a safe work environment for its employees, Defendant Alonso immediately instructed Plaintiff to go home, effectively terminating his employment.

**COUNT I**
**OVERTIME VIOLATIONS AGAINST SUNRISE MEATS UNDER THE FLSA AS TO NAMED PLAINTIFF AND COLLECTIVE PLAINTIFFS**

48. Named Plaintiff and Collective Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 42 above as though fully recited herein.

49. Named Plaintiff and Collective Plaintiffs are entitled to be paid time and one-half for all hours worked in excess of 40 in each workweek.

50. Named Plaintiff and Collective Plaintiffs regularly work/worked in excess of 40

hours each workweek; however, Sunrise Meats failed to pay the overtime wage required by the FLSA.

51.     The FLSA requires that Sunrise Meats pay the Named Plaintiff and Collective Plaintiffs time and one-half their hourly wage for all hours worked in excess of 40 hours per workweek.

52.     At all relevant times, Sunrise Meats failed to comply with 29 U.S.C. §§ 201 – 219 and 29 C.F.R. §§ 516 *et seq.* in that Named Plaintiff and Collective Plaintiffs perform/performed services and work/worked for Sunrise Meats in excess of 40 hours per workweek, but no provision was made by Sunrise Meats to properly pay them at the rate of time and one-half for all hours worked in excess of 40 hours per workweek.

53.     Sunrise Meats knows/knew or shows/showed reckless disregard for the provisions of the FLSA concerning the payment of overtime wages and owe Named Plaintiff and Collective Plaintiffs overtime wages.

54.     As such, Named Plaintiff and Collective Plaintiffs are entitled to recover liquidated damages under the FLSA as a result of Sunrise Meats' intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE**, Named Plaintiff and Collective Plaintiffs respectfully pray for the following relief against Sunrise Meats:

A.     Adjudge and decree that Sunrise Meats violated the FLSA and did so willfully, intentionally, and with reckless disregard;

B.     Award Named Plaintiff and Collective Plaintiffs actual damages for unpaid overtime compensation;

C.     Award Named Plaintiff and Collective Plaintiffs liquidated damages;

D.     Award Named Plaintiff and Collective Plaintiffs the costs of this action, together with reasonable attorneys' fees;

E.     Award Plaintiff and Collective Plaintiffs all recoverable interest;

F.     Grant Named Plaintiff and Collective Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### OVERTIME VIOLATIONS AGAINST ALFONSO UNDER THE FLSA AS TO NAMED PLAINTIFF AND COLLECTIVE PLAINTIFFS

55.    Named Plaintiff and Collective Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 42 above as though fully recited herein.

56.    During the relevant period, Alfonso was an Executive Officer and owner of the corporate Defendant, Sunrise Meats.

57.    During the relevant period, Alfonso operated, oversaw, and controlled the day-to-day activities of Sunrise Meats, had supervisory authority over Named Plaintiff and Collective Plaintiffs, had knowledge of the hours worked by Named Plaintiff and Collective Plaintiffs, and was partially or totally responsible for paying Named Plaintiff's and Collective Plaintiffs' wages for the hours he/they worked.

58.    Alfonso was Named Plaintiff's and Collective Plaintiffs' employer, joint employer, or co-employer during the relevant period for purposes of the FLSA, as the term employer is defined by 29 U.S.C. § 203.

59.    During his/their employment with Defendants, Named Plaintiff and Collective Plaintiffs' work/worked overtime hours for which he/they is/are/were not compensated at a rate of time-and-a-half his/their regularly rate of pay as required by the FLSA.

60. Named Plaintiff and Collective Plaintiffs' are owed unpaid overtime compensation pursuant to the FLSA for all hours worked in excess of 40 in a workweek.

61. Alfonso is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of intentional and willful violations of the FLSA.

**WHEREFORE**, Named Plaintiff and Collective Plaintiffs respectfully pray for the following relief against Alfonso:

A. Adjudge and decree that Alfonso violated the FLSA and did so willfully, intentionally, and with reckless disregard;

B. Award Named Plaintiff and Collective Plaintiffs actual damages for unpaid overtime compensation;

C. Award Named Plaintiff and Collective Plaintiffs liquidated damages;

D. Award Named Plaintiff and Collective Plaintiffs the costs of this action, together with reasonable attorneys' fees;

E. Award Named Plaintiff and Collective Plaintiffs all recoverable interest;

F. Grant Named Plaintiff and Collective Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### RETALIATION UNDER THE FWA AGAINST SUNRISE MEATS

62. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 47 above as though fully recited herein.

63. Sunrise Meats violated the FWA which provides, in pertinent part, that "[a]n employer may not take any retaliatory personnel action against an employee because the employee has . . . [o]bjected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." Fla. Stat. § 448.102(3).

64.     Sunrise Meats' termination of Plaintiff's nearly 13-year employment was a direct result of his complaints about, or objections to, Sunrise Meats' activities, policies or practices which were in violation of laws, rules or regulations, such as OSHA's General Duty Clause. *See* 29 U.S.C. § 654(5)(a)(1).

65.     As a direct and proximate result of Sunrise Meats' intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering, anxiety, distress, and other mental conditions.

66.     Any alleged justification by Sunrise Meats for terminating Plaintiff's employment is a mere pretext for the actual reason, which was Plaintiff's complaints about, or objections to, the aforementioned activities, policies, and/or practices of Sunrise Meats which were violations of laws, rules, and/or regulations.

67.     Sunrise Meats' actions were malicious and recklessly indifferent to Plaintiff's rights under the FWA.

68.     The aforementioned actions of Sunrise Meats were done wantonly, willfully, maliciously, and with reckless disregard for the consequences of its actions.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A.      Grant an injunction enjoining Sunrise Meats and its officers, owners, managers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which violates the FWA;

B.      Award Plaintiff back pay;

C.      Require Sunrise Meats to reinstate Plaintiff to the same position at the same rate of pay and with the same benefits that Plaintiff would have had had Plaintiff not been retaliated against by Sunrise Meats, or in lieu of reinstatement, award front pay;

D. Award Plaintiff compensatory damages;

E. Award any other compensation allowed by law, including attorneys' fees, costs, and expenses pursuant to Fla. Stat. § 448.104; and

F. Award all other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Named Plaintiff and Collective Plaintiffs hereby demand a jury trial of all issues so triable.

Dated: May 22, 2020

Respectfully submitted,

**BT LAW GROUP, PLLC**
3050 Biscayne Blvd., Suite 205
Miami, Florida 33137
Tel: (305) 507-8506

By: *s/ Anisley Tarragona*
**ANISLEY TARRAGONA, ESQ.**
Florida Bar No. 51626
anisley@btattorneys.com
**JASON D. BERKOWITZ, ESQ.**
Florida Bar No. 0055414
jason@btattorneys.com

Attorneys for Plaintiff