UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-61017-CIV-ALTMAN/Hunt

ARTURO MORALES and all others
similarly situated under 29 U.S.C. § 216(b),

    Plaintiff(s),

vs.

SUNRISE MEATS, INC., a Florida Profit
Corporation; and LEONEL ALFONSO,
individually,

    Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND DISMISS CASE WITH PREJUDICE

Plaintiff, Arturo Morales ("Plaintiff"), and Defendants, Sunrise Meats, Inc. ("Sunrise Meats"), and Leonel Alfonso ("Alfonso") (collectively referred to as "Defendants"), by and through their respective undersigned counsel, hereby file this Joint Motion to Approve the Settlement Agreement and to Dismiss the Case with Prejudice (the "Joint Motion"), and in support thereof, state the following:

1.    On or about May 22, 2020, Plaintiff filed a Complaint in the U.S. District Court for the Southern District of Florida, captioned *Arturo Morales v. Sunrise Meats, Inc. and Leonel Alfonso*, Case No. 20-61017-CIV-ALTMAN/Hunt. In the Complaint, Plaintiff alleged violations of the Fair Labor Standards Act ("FLSA") against Sunrise Meats (Count I) and Alfonso (Count II). Additionally, Plaintiff asserted a claim for retaliation in violation of the Florida's private sector Whistleblower Act against Sunrise Meats (Count III). ECF No. 1.

2.    On June 17, 2020, Plaintiff filed an Amended Complaint pursuant to the Court's

Case No. 20-61017-CIV-ALTMAN/Hunt

Order in Actions Brought Under the Fair Labor Standards Act (ECF No. 5). See ECF No. 17.

3. To avoid the costs and uncertainty of litigation, the parties negotiated a settlement of this matter.

4. In light of the parties' settlement, the parties filed a Joint Notice of Settlement on July 21, 2020. ECF No. 27.

5. Pursuant to *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982), claims for unpaid wages under the FLSA may be settled or compromised only with the approval of the court or U.S. Secretary of Labor.

6. The parties now seek approval of the settlement from the Court. A copy of the parties' fully executed settlement agreement is attached hereto at **Exhibit 1**.

7. The parties stipulate that Plaintiff is receiving all of his wages, liquidated damages, costs, and a reasonable attorneys' fees pursuant to the settlement between the parties.

8. The parties also stipulate that the settlement reached between them represents a fair and reasonable resolution of Plaintiff's FLSA claims because it represents full payment of unpaid wages and liquidated damages due, as well as payment for all other claims for damages alleged in the Complaint, including, but not limited to, back pay, as might be obtainable under 29 U.S.C. § 216(b), and because Defendants are paying Plaintiff's reasonable attorneys' fees and costs. The parties further stipulate that the settlement reached between them advances judicial economy.

9. Pursuant to several district court decisions in the Eleventh Circuit, when the parties stipulate that the plaintiff/employee has been offered a full measure of the wages due, no judicial "scrutiny" is required at all to approve fairness. See *Crooms v. Lakewood Nursing Ctr., Inc.*, No. 3:07 cv-435-J-32TEM, 2008 U.S. Dist. LEXIS 10432, at *2 (M.D. Fla. Feb. 12, 2008):

> However, '*Lynn's Food Stores* addresses judicial oversight of 'compromises' of FLSA claims.' *Mackenzie v. Kindred*

> *Hospitals East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003). When the defendant represents that it has offered the plaintiff at least full compensation on his claim, and the plaintiff has not disputed that representation, the case does not involve a compromise and there is no need for judicial scrutiny. *Id.*; *see also e.g.*, *Park v. American Services Of Central Fla., Inc.*, No. 6:06-cv-882-Orl-22UAM, 2007 U.S. Dist. LEXIS 40849 at *3 (M.D. Fla. June 5, 2007) ("[w]here the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required"). When a plaintiff receives all past due compensation to which he was arguably entitled under the FLSA, 'the settlement is fair.' *Aiello v. Daytona Beach Lincoln Mercury, Inc.*, No. 6:07-cv-l 794-Orl-28KRS, 2008 U.S. Dist. LEXIS 867, * 1 (M.D. Fla. Jan. 7, 2008).

10. Accordingly, the parties stipulate to the dismissal with prejudice of this action upon approval by the Court of the parties' settlement agreement, and request that the Court retain jurisdiction for thirty (30) days from the date of dismissal in order to enforce the terms of the settlement.

WHEREFORE, the parties respectfully request that this Court enter an Order: (1) approving the settlement agreement; (2) dismissing the lawsuit with prejudice; and (3) providing all other relief the Court deems just and proper.

Respectfully submitted on this 30th day of July 2020.

| | |
|---|---|
| **BT LAW GROUP, PLLC** | **TRIPP SCOTT, P.A.** |
| 3050 Biscayne Blvd., Suite 205 | 110 S.E. 6th Street, 15th Floor |
| Miami, Florida 33137 | Ft. Lauderdale, Florida 33301 |
| Tel: (305) 507-8506 | Tel: (954) 525-7500 |
| By: *s/ Anisley Tarragona* | By: *s/ Catalina M. Avalos* |
| **ANISLEY TARRAGONA, ESQ.** | **CATALINA M. AVALOS, ESQ.** |
| Florida Bar No. 51626 | Florida Bar No. 090425 |
| anisley@btattorneys.com | *cma@trippscott.com* |
| **JASON D. BERKOWITZ, ESQ.** | **SARAH M. LEON, ESQ.** |
| Florida Bar No. 0055414 | Florida Bar No. 1011028 |
| jason@btattorneys.com | *sml@tripscott.com* |
| Attorneys for Plaintiff | Attorneys for Defendants |